[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Paul N. LaPenta appeals a decision of the defendant commission on human rights and opportunities dismissing a complaint that he had filed with the commission against the defendant USAir, Inc. The commission acted pursuant to General Statutes § 46a-83, after finding that there existed no reasonable cause for believing that USAir, Inc. had committed a discriminatory act. The plaintiff's appeal is authorized by General Statutes §§ 46a-94a and 4-183. The court finds the issues in favor of the defendants.
On August 16, 1991, the plaintiff filed a complaint with the commission alleging that the defendant USAir had discharged him from employment because of his physical and mental disability, alcoholism, in violation of General Statutes § 46a-60. The commission conducted an investigation and issued its report on June 6, 1992. In his report, the commission investigator found that USAir had substantial, uncontradicted evidence that the plaintiff had systematically defrauded it over a period of time by creating a fictional frequent-flyer account and issuing tickets to his relatives on that account. USAir also had evidence of at least one instance of theft of cash received by the plaintiff from a customer in a ticket sale. When USAir confronted the plaintiff with this evidence, he did not deny that the thefts had occurred. Instead, for the first time, the plaintiff informed his employer that he suffered from alcoholism, that he could not remember the events in question, and that he desired to enter the employer's Employee Assistance Plan. Following a short suspension period, USAir terminated the plaintiff. CT Page 10656
The investigator's report also relates his finding that USAir had previously terminated six other employees who had committed similar thefts and that none of these employees had suffered physical or mental disability. With respect to the Employee Assistance Plan, the investigator found that the Plan rules provide that it is not available to an employee whose employment has become in jeopardy because of misconduct.
Based on the evidence summarized above, the commission investigator concluded that there was no cause to believe that USAir had discriminated against the plaintiff on account of his alcoholism. Rather, the investigator found that the employer had terminated the plaintiff because of his fraud and theft. The commission thereupon dismissed the complaint and confirmed that decision following the plaintiff's request for reconsideration.
The plaintiff raises five issues as the bases of his appeal to this court: (1) that there was insufficient evidence of fraud or theft; (2) that the misconduct, if it occurred, was the result of the plaintiff's alcoholism; (3) that other employees who had committed more serious acts of misconduct had not been terminated; (4) that USAir unfairly denied him access to its Employee Assistance Plan; and (5) that USAir failed to give him proper advice about continuing his medical benefits.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. ofPublic Utility Control, 219 Conn. 51, 57 — 58 (1991). Similarly, "(w)ith regard to questions of fact, it is CT Page 10657 (not) the function of the trial court . . . to retry the case or to substitute its judgement for that of the administrative agency." Id. "The question is not whether the trial court would have reached the same conclusion but whether the record before the commission supports the action taken." Hospital of St. Raphael v.Commission on Hospitals Health Care, 182 Conn. 314,318 (1980).
The court has reviewed the entire record in this case, including especially the evidence compiled by the commission's investigator. This evidence clearly support's the commission's finding that USAir fired the plaintiff because of his repeated acts of fraud committed in the frequent-flyer scheme and the theft of cash in the ticket sale. The evidence also supported the commission's finding that USAir acted consistently in firing other similarly situated employees who stole from the company and that in those cases, physical or mental disability was not a factor.
The plaintiff's claim that his acts of misconduct were the result of his alcoholism, even if true, provide no basis for reversing the commission's decision. Rather, his acts of misconduct show that he is not capable of performing his job, and that is a valid reason for terminating his employment, whether or not his disability was a factor.
The plaintiff's claim that other employees who had committed more serious offenses were treated more lightly apparently refers to some executives who were accused of violating antitrust laws. These incidents and the others mentioned in the numerous newspaper clippings that the plaintiff attaches to his briefs are not relevant to this case. The plaintiff's treatment must be measured against that taken against other employees similarly situated in the company. In this case, the evidence before the commission shows that the company terminated six other customer service representatives that it found to have misappropriated property or money.
The court has considered the plaintiff's claims concerning the Employee Assistance Plan and his medical CT Page 10658 insurance benefits and concludes that they are without merit in the context of this appeal of the commission's decision. Specifically, they do not provide a basis for reversing the commission's decision.
The appeal is dismissed.
MALONEY, J.